IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| WILLIAM DAVID MORRISON and KIM L. MORRISON, | : : : | |
| Plaintiffs, | : : | |
| vs. | : : | CIVIL ACTION FILE NO.: 3:04-CV-023-WBH |
| BOB B. MANN, JR., M.D., LISA KAY DOUTHITT PARSONS, R.N. and PAPP CLINIC, P.C. | : : : : | |
| Defendants. | : : | |

**DEFENDANTS BOB B. MANN, JR., M.D. AND PAPP CLINIC, P.C.'S MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION TO PROHIBITGERARDO LIONEL SOTOMAYOR, M.D. FROM PROVIDING EXPERT TESTIMONY AT TRIAL AND REQUEST FOR WAIVER OF RULE 26(a)(2) EXPERT WITNESS REPORT REQUIREMENTS**

COME NOW, Defendants Bob B. Mann, Jr., M.D. and PAPP Clinic, P.C. (hereinafter "Defendants") and file this Memorandum of Law in Support of Renewed Motion to Prohibit Gerardo Lionel Sotomayor, M.D. ("Dr. Sotomayor") from Providing Expert Testimony at Trial and Request for Waiver of Rule 26(a)(2) Expert Witness Report Requirements, respectfully showing this Court as follows:

1

## Introduction

On December 3, 2004, Defendants filed a Motion seeking, *inter alia*, an order prohibiting Gerardo Lionel Sotomayor, M.D. from giving expert testimony at the trial of this case. [66]. Judge Hunt deferred ruling on this particular issue until the pre-trial conference, and Judge Hunt thereafter recused himself. [91]. Defendants then filed their Motion to Prohibit Dr. Sotomayor From Providing Expert Testimony at Trial on August 11, 2005 [93], a Motion that the Court orally denied without prejudice during a status conference on March 7, 2006. [105]. The Court indicated, however, that Defendants could re-submit their Motion pertaining to Dr. Sotomayor in the event that mediation proved unsuccessful. Id.

As indicated by the Plaintiffs' April 20, 2006 "Status Report" [112], this case was not resolved at mediation. Defendants, therefore, now renew their Motion to Prohibit Dr. Sotomayor From Providing Expert Testimony at Trial. Further, Defendants seek an order from the Court waiving the expert witness report requirements contained in Federal Rule 26(a)(2).[1]

---

[1] It is worth noting that effective December 1, 2006, the expert witness disclosure requirements will be deleted from the Federal Rules. (2006 US Order 20; April 12, 2006)

## I. Because Plaintiffs failed to timely designate Dr. Sotomayor as an expert witness, Dr. Sotomayor should be precluded from giving expert testimony at trial.

Federal Rule 37(c)(1) provides, in relevant part, as follows:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Rule 26(a), referenced in Rule 37(c)(1) above, includes the requirement that experts be properly and timely designated. *See* Federal Rule 26(a)(2). The Local Rules provide guidance as to what constitutes a "timely" designation. Specifically, Local Rule 26.2C states that the disclosure of all expert witnesses must be made ". . . sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery." Similarly, Federal Rule 26(e) requires parties "seasonably to amend" all discovery responses. Both Federal Rule 26(a)(2) and 26(e) are enforced by Federal Rule 37(c)(1), the terms of which are set forth on p. 3, *supra*.

Here, the Plaintiffs' attempt to name Dr. Sotomayor as an expert witness and use his testimony at trial violates the above-cited provisions. Although Dr. Sotomayor was mentioned as an individual possessing knowledge of *facts* that may be relevant to the case (along with 26 other individuals and/or groups of individuals, *see* Plaintiffs' Answers to Defendants' First Continuing Interrogatories, No. 1), Plaintiffs never even implied, much less formally declared, that Dr. Sotomayor would provide expert testimony. (See Plaintiffs' Answers to Defendants' First Continuing Interrogatories, No.6; Plaintiffs' Initial Disclosures, Attachments A & B). For Plaintiffs to proffer Dr. Sotomayor as an expert in response to Defendants' Motion for Partial Summary Judgment, six weeks after the close of the *extended* discovery period[2] and more than five months after Defendants served interrogatories seeking the names of Plaintiffs' experts, violates the letter and spirit of Federal Rule 26(a)(2), Federal Rule 26(e)(2), Federal Rule 37(c)(1) and Local Rule 26.2C.

Directly on point is the case of <u>Excelsior v. Windley</u>, 329 F. Supp. 2d 1328 (N.D. Ga. 2004). There, the court prohibited the plaintiff from naming additional

---

[2]Interestingly, more than three months prior to the Plaintiffs' untimely attempt to designate Dr. Sotomayor as an expert witness on November 15, 2004, the Plaintiffs presented a 24-page memorandum objecting to the discovery period being extended beyond July 27, 2004. [25] *(Response of William David Morrison and Kim L. Morrison to Defendants' Motion to Extend Discovery)*.

expert witnesses after the close of the discovery period. Id. at 1337-38.  In reaching this conclusion, the court reasoned as follows:

> The Local Rules provide that experts who will be used at trial must be designated 'sufficiently early in the discovery period' to permit the appropriate depositions. N.D. Ga. Local R. 26.2(C).  Moreover, 'any party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

Excelsior, 329 F. Supp. 2d at 1337-1338 (emphasis supplied).

During the extended discovery period (and an additional span of six weeks thereafter), Plaintiffs never even intimated, much less formally declared in accordance with the Federal Rules, that Dr. Sotomayor would be used as an expert in this case. In addition, the Plaintiffs did not seek the Court's permission to name Dr. Sotomayor as an expert, nor have they provided any justification for their failure to timely designate Dr. Sotomayor.  In fact, the Court has already held that the Plaintiffs' attempt to name Dr. Sotomayor was untimely and without factual justification. [91].

Without question, the Plaintiffs' actions violate the requirement that they properly name all experts sufficiently early in the discovery period, *see* Federal Rule 26(a)(2) and Local Rule 26.2C, and also violate the requirement that they seasonably amend all discovery responses. *See* Federal Rule 26(e)(2). The Plaintiffs' failure to abide by the governing rules, as well as fundamental rules of fairness, require that Dr.

Sotomayor be prohibited from giving expert testimony at trial. Federal Rule 37(c)(1); Local Rule 26.2 C; Nida, 31 F. Supp. 2d at 1377-1378; Excelsior, 329 F. Supp. 2d at 1337-1338.

## II. The expert witness report requirements contained in Federal Rule 26(a)(2) should be waived.

Federal Rule 26(a)(2) requires, *inter alia*, that each expert witness submit a report containing a summary of the expert's opinions no later 90 days prior to trial. See Fed. R. Civ. Proc. 26 (a)(2). This particular rule, however, specifically permits the Court to waive the expert report requirements. Id. ("Except as otherwise stipulated or directed by the Court . . ."). To date, none of the parties have submitted a Rule 26(a)(2) report for any of their expert witnesses. Any need for these reports has been rendered moot given that each expert witness (Dr. Sotomayor notwithstanding) has given deposition testimony. In any event, the expert witness disclosure requirements currently contained in Rule 26 will be deleted effective December 1, 2006. See 2006 US Order 20 (April 12, 2006). Thus, Defendants respectfully request that the Court waive the Rule 26(a)(2) requirements as to all parties in this case.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court issue an order prohibiting Dr. Sotomayor from giving expert testimony at trial. In

addition, pursuant to Federal Rule 37(c)(1), Defendants request that this Court award Defendants all costs and attorney's fees incurred in filing their Motion to Strike and supporting Memorandum of Law. Defendants also show that the expert witness report requirements should be waived in this matter.

Respectfully submitted, this 4th day of May, 2006.

                WILLIS, MCKENZIE, DEGENNARO & ALFORD, LLP

        By: /s/ Mark DeGennaro
            C. Jerry Willis
            Georgia State Bar #766300
            Mark L. DeGennaro
            Georgia State Bar #216020
            Attorneys for Defendants

300 Smith Street
LaGrange, GA  30240
(706) 882-2942
mdegennaro@lag-law.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1 D, this is to certify that the foregoing document complies with the font and point selections approved by the Court in Local Rule 5.1 B.  Said document contains 14 point Times New Roman font.


                                                  /s/ Mark DeGennaro
                                                  Mark L. DeGennaro
                                                  Georgia State Bar No. 216020

## CERTIFICATE OF SERVICE

TROUP COUNTY, GEORGIA.

I, **Mark L. DeGennaro**, of WILLIS, MCKENZIE, DEGENNARO & ALFORD, LLP, Attorneys for named Defendants, **BOB B. MANN, JR., M.D. and PAPP CLINIC, P.C.**, hereby certify that I have served a copy of the foregoing **DEFENDANTS BOB B. MANN, JR., M.D. AND PAPP CLINIC P.C.'S MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION TO PROHIBIT GERARDO LIONEL SOTOMAYOR, M.D. FROM PROVIDING EXPERT TESTIMONY AT TRIAL AND REQUEST FOR WAIVER OF RULE 26(a)(2) EXPERT WITNESS REPORT REQUIREMENTS** via regular U.S. Mail with adequate postage affixed thereto to the following counsel:

Millard Farmer, Esq.  
151 Nassau Street  
P.O. Box 1728  
Atlanta, GA 30301-1728

Wayne D. McGrew, III, Esq.  
Stacy M. Blackman, Esq.  
Carlock, Copeland, Semler & Stair, LLP  
P.O. Box 56887  
Atlanta, GA 30343-0887

This 4th day of May, 2006.

      /s/ Mark DeGennaro  
MARK L. DEGENNARO